

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 20, 1971

Honorable James U. Cross        Opinion No. M-1016
Executive Director
Texas Parks & Wildlife Dept.    Re: Construction of Article
John H. Reagan Building             1722a, Vernon's Penal
Austin, Texas  78701                Code, as amended by S.B.
                                    331, 62nd Leg., R.S. 1971,
                                    particularly Sec. 7, Sub-
                                    section (f), pertaining to
                                    life preservers and other
                                    approved devices for pur-
Dear Mr. Cross:                     poses of law enforcement.

Your opinion request to this office concerns the construc-
tion of Article 1722a, Section 7, Subsection (f), Vernon's
Penal Code, as amended by Senate Bill 331 (Acts 62nd Leg.,
R.S., 1971, ch. 719, p. 2355; but see Footnote 1 below).

Your two questions are as follows:

"Are all approved life preservers and other
approved devices to be considered one and the
same except life belts and ring buoys for the
purpose of enforcement?

"Can we accept all United States Coast Guard
approved life preservers and other approved devices
except life belts and ring buoys for passengers 12
years of age or under on Class A and Class 1 motor-
boats while underway?"

Section 7, Subsection (f) as amended reads in part as
follows:

". . . Provided further, that the operator
of every Class A and Class 1 motorboat, while
underway, shall require every passenger 12 years

---

1 This S.B. 331 states that it amends Subsection (f), as it was
last amended by the referenced Act of the 59th Leg. In fact,
the 62nd Leg. at its Regular Session, (H.B. 605, ch. 971, p. 2928,
2933) had amended this Subsection shortly prior to the enactment
of S.B. 331. See Attorney General Opinion No. M-960 (1971).

of age or under at all times to wear a life pre-
server of the sort prescribed by the regulations
of the Commandant of the Coast Guard; and that
only a life preserver, not a life belt or ring
buoy, will satisfy this requirement."

This amendment has validly adopted, by reference, as the
type of acceptable life preserver, the sort prescribed by the
Commandant of the Coast Guard.   53 Tex.Jur.2d 137-139, Statutes,
Sec. 92.   However, the amendment makes an exception to those
regulations in that it provides:

". . . that only a life preserver, not a
life belt or ring buoy, will satisfy this re-
quirement."

You have furnished to us copies of the relevant pages of
the official Regulations of the United States Coast Guard, and
copies of two of the official Manuals issued by the United States
Coast Guard, all of which describe and state the specifications
for the several classes of lifesaving devices or lifesaving e-
quipment approved by the Commandant of the Coast Guard.[2]   The
Regulations and Manuals are complementary and uniform in their
classifications and descriptions.

The only type of life preserver authorized by the statute
is:

". . . the sort prescribed by the regula-
tions of the Commandant of the Coast Guard; . . ."

---

[2]The Regulations are found in the Code of Federal Regulations,
Title 46 - Shipping (Rev.Jan. 1, 1971), Chap. 1 - Coast Guard,
Dept. of Transportation, Subchapter Q - Specifications, Part 160 -
Lifesaving Equipment.   These Manuals are described as No. CG-190,
entitled Equipment Lists, dated August 1, 1968, and No. CG-340,
entitled Recreational Boating Guide, dated June, 1966.

In these regulations, under the heading "Subchapter Q - Speci-
fications, Part 160 - Lifesaving Equipment," are listed several
types of equipment applicable to passengers on motorboats.  Our
opinion is that only two of these types, which are designated
life preservers[3] and buoyant vests[4], meet the requisites of the
statute,  Both of these are attached to the body of the wearer
by straps and adjusted to a secure and comfortable fit to his
body.  Both will hold the head and face of the wearer above the
water.  The first of these is expressly designated as a life
preserver; the second denominated a buoyant vest, is expressly
approved by the regulations for motorboats of Class A and Class
1 not carrying passengers for hire.  None of the other types of
lifesaving equipment listed in this Subchapter Q, in our opinion,
meet these requisites of the statute: these are buoys[5] (includ-
ing ring buoys), buoyant cushions.[6] Several special purpose
water safety buoyant devices[7] are listed but are not sufficiently
described for us to express an opinion on.  Life belts are not
listed in the regulations and are expressly prohibited by the
statute.

Our answer to both of your questions is that only the types
of lifesaving equipment listed in the regulations of the Comman-
dant of the Coast Guard designated as life preservers and buoyant
vests meet the requisites of the statute.

### S U M M A R Y

Only the types of lifesaving equipment listed
in the regulations of the Commandant of the Coast
Guard designated as life preservers and buoyant
vests meet the requisites of Article 1722a, V.P.C.,
as amended by S.B. 331, 62nd Leg., R.S., 1971, ch.

---

[3]Subparts 160.001, 160.002 and 160.005.
[4]Subparts 160.047, 160.052 and 160.060.
[5]Subparts 160.009 and 160.050.
[6]Subparts 160.048 and 160.049.
[7]Subpart 160.064.

719, p. 2355.

Yours very truly,

CRAWFORD C. MARTIN
ATTORNEY GENERAL OF TEXAS

Prepared by Dunklin Sullivan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

KERNS TAYLOR, Chairman
W. E. ALLEN, Co-Chairman

Ben Harrison
Dick Chote
Austin Bray
Michael Stork

SAM McDANIEL
STAFF LEGAL ASSISTANT

ALFRED WALKER
EXECUTIVE ASSISTANT

NOLA WHITE
FIRST ASSISTANT